UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JANE DOE 20, a minor through her mother and father and next friends, Julie Doe 20 and John Doe 20; and JANE DOE 21, a minor through her mother and father and next friends Julie Doe 21 and John Doe 21, <br><br> Plaintiffs, <br><br> v. <br><br> BOARD OF EDUCATION OF THE COMMUNITY UNIT SCHOOL DISTRICT NO. 5, MCLEAN AND WOODFORD COUNTIES, JAMES BRAKSICK, ALAN CHAPMAN, DALE HEIDBREDER, JOHN PYE, EDWARD HEINEMAN, AND JON WHITE, <br><br> Defendants. | No. 09-1158 |

## ORDER

On May 7, 2009, Plaintiffs filed their Complaint [#1] against Defendants and in July 2009, Defendants filed their Motions to Dismiss [#15, 17, 20, 28]. Defendant Board of Education of the Community Unit School District No. 5, McLean and Woodford Counties ("School District") contemporaneously filed a Motion to Strike [#14] certain portions of Plaintiffs' Complaint. On October 20, 2009, a Report & Recommendation [#35] was filed by Magistrate Judge Byron G. Cudmore in this case. All of the parties filed objections [#36, 37, 38] to the Report & Recommendation within the time allowed. Plaintiffs were granted leave to file a Combined Response and Memorandum to Defendant's Objections to the Report & Recommendation [#41] on November 13, 2009. Defendants subsequently filed an Opposition to

1

Plaintiff's Objection to the Report & Recommendation [#43] on November 16, 2009.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); *Lockert v. Faulkner*, 843 F.2d 1015 (7th Cir. 1988); and *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).  For the reasons set forth below, Defendants' respective Motions to Dismiss [#15, 17, 20, 28] are GRANTED IN PART and DENIED IN PART.  The parties' objections to the Report & Recommendation are denied.

## BACKGROUND

The relevant procedural history is sufficiently set forth in the comprehensive Report & Recommendation of the Magistrate Judge.  Plaintiffs Jane Doe 20 and Jane Doe 21 ("Plaintiffs") brought this suit against Defendants under Title IX, 42 U.S.C. §§ 1983, 1985 and 1986, and various Illinois state laws.  Plaintiffs specifically allege that Defendants Braksick, Heidbreder, Heineman, and Pye ("School Administrators") possessed actual knowledge of Defendant Jon White's ("White") alleged sexual harassment, sexual discrimination, and sexual abuse of female students.  Plaintiffs further allege that the School Administrators knew that White was using his position as a first grade teacher, and using the classroom and computers provided to him in his classroom at Colene Hoose Elementary School, to act out privately and publicly.

## DISCUSSION

In its Motion to Dismiss, the School District argues that Plaintiffs fail to state Title IX claims because they have not alleged the School District's actual knowledge of White's misconduct nor the School District's deliberate indifference.  The Plaintiffs' complaint sets forth specific factual allegations attempting to show the School District's knowledge that White sexually harassed students in the year 2003-04.  The School District, however, contends that it

could not have had actual notice for the 2004-05 year, during which time Plaintiffs were allegedly discriminated against, because there are no allegations that parents complained during that year. The Court concurs with the recommendation that Plaintiffs have stated a Title IX claim where a plausible inference arises that school officials knew that White had sexually harassed students in the 2003-04 school year, and that a plausible inference arises that White was engaging in sexual misconduct with his students and the School District took no action in the 2004-05 school year. Indeed, "a new school year does not wipe clean knowledge of sexual misconduct from the prior school year." R&R p.10. Additionally, the Court concurs with the Magistrate's recommendation that Count Three (Title IX hostile educational environment) of Plaintiffs' Complaint be stricken as duplicative of Count One (Title IX discrimination).

In Count Two of Plaintiffs' Complaint, they contend that they had rights to due process and to avoid the deprivation of their personal liberty which White's conduct violated. They list White's misconduct that was only "non-sexual in nature." Complaint ¶ 200. The Court concurs with the recommendation that Plaintiffs' allegations in Count Two do not state a claim for violations of Plaintiffs' substantive due process rights and must be dismissed for failure to state a claim. Plaintiffs object to this recommendation, stating that White's non-sexual conduct directed towards Plaintiffs is truly conscience shocking and that Defendants would not be entitled to qualified immunity because the right to be free from detention, loss of privacy, and loss of bodily integrity were all violated constitutional rights. Defendants' opposition to Plaintiffs' objection is compelling. The case law cited by Defendants provides strong support for the Magistrate Judge's determination that Plaintiffs' allegations in Count II do not state a claim for the violations of Plantiffs' substantive due process rights, and even if they did, Defendants would be

entitled to qualified immunity.

The Court concurs with the recommendation that Plaintiffs have stated a Fourth Amendment claim against White and against the School Administrators individually. Defendants object that it is not plausible to infer, given Plaintiffs' allegations, that any one of the Unit 5 Defendants had actual knowledge that White was locking Plaintiffs in the classroom against their free will. Defendant Heidbreder specifically objects that the Magistrate has strained interpretations of case law in order to find Plaintiffs have alleged a Fourth Amendment violation and such straining is contrary to the Magistrate Judge's obligation not to engage in speculation. However, as the Magistrate Judge noted, the allegations of Plaintiffs' Complaint currently provide an inference that the Defendants knew of White's constitutional violations and turned a blind eye to them, though a developed factual record may show otherwise. The Court further concurs with the recommendation that qualified immunity for the individual School Administrators on Plaintiffs' Fourth Amendment claim be denied at this point.

Finally in regard to Plaintiffs' Fourth Amendment claim, the Court concurs with the recommendation that the School District be dismissed from this claim. Plaintiffs object because they contend the allegations of the complaint are sufficient to support a plausible inference that the actions of the School Administrators constituted a policy or practice attributable to the School District. As Plaintiffs themselves alleged, the School District's written policies prohibited harassment and required employees to report suspected child abuse. The Court agrees with the Magistrate Judge that the School Administrators' actions did not constitute a policy or practice attributable to the District, as would be necessary to state a claim against the School District under Section 1983. See *Duda v. Board of Educ. of Franklin Park Public School Dist.*

*No. 84*, 133 F.3d 1054, 1061 (7th Cir. 1998) (explaining that under Illinois law, the school board has final policy-making authority and that school officials must ultimately answer to the board of education). Also, the Court agrees with the recommendation that the amendment to their Complaint that the Plaintiffs seek would not help them.

The individual defendants contend that the intracorporate conspiracy doctrine bars the claim in Count Five which alleges conspiracy to deprive civil rights pursuant to Section 1985. The Court concurs with the recommendation that dismissal of Count Five would be premature at this point. Defendants School District, Braksick, Chapman, Pye, and Heineman object that dismissal of Count Five, based on the intracorporate conspiracy doctrine, is clearly warranted because the parameters of the doctrine were clearly defined in *Hartman v. Board of Trustees of Community College Dist. No. 508*. 4 F.3d 465 (7th Cir. 1993). Defendant Heidbreder additionally objects that Plaintiffs are unable to satisfy the first element necessary under Section 1985(3) and they have failed to allege that an exception to the intracorporate conspiracy doctrine applies here. Nevertheless, after having reviewed Defendants' objections and Plaintiffs' response to those objections, the Court concurs with the Magistrate Judge's conclusion that given the posture of the case and considering the murky parameters of the exceptions to the intracorporate conspiracy doctrine, dismissal of Count Five would be premature. The Court additionally concurs with the recommendation that Defendants' motion to dismiss Plaintiffs' Count Six be denied. Defendants object that because a Section 1986 claim is derivative of Section 1985 claims, and because the intracorporate conspiracy doctrine bars Plaintiffs' Section 1985 claim here, Count Six must be dismissed. But as explained above, Count Five remains and so Count Six dismissal is premature.

In regard to Plaintiffs' state claims, the Court concurs with the recommendation that Count Seven (Battery), Count Nine (Illinois Hate Crime), and Count Eleven (False Imprisonment) be dismissed for failure to state a claim. The parties do not object to these recommendations.

In Counts Thirteen and Fourteen of Plaintiffs' Complaint, they allege intentional infliction of emotional distress ("IIED"). The Magistrate Judge recommends that Plaintiffs' have stated a claim against the school administrators for IIED, and that Plaintiffs' respondeat superior claim against the School District based on the Administrators' IIED should remain at this point. Defendants object that Plaintiffs did not allege that any of the School Administrators specifically directed intentional outrageous acts toward the Plaintiffs, and did not allege that Defendants directed their conduct toward a third person.[1] Plaintiffs respond that their Complaint clearly alleges that Defendants' actions were directed at Plaintiffs with intent to harm each of them, or at the very least, states that the Administrators acted with reckless indifference toward the Plaintiffs. Ultimately, the Court concurs with the recommendation that at this stage, Plaintiffs have sufficiently alleged an IIED claim against the School Administrators when the allegations are viewed as a whole. The Court further concurs with the recommendation that the Administrators are not protected by discretionary immunity at this point, and Plaintiffs' respondeat superior claim against the School District based on the Administrators' IIED should remain at this point.

---

[1] Defendant School Administrators advance similar arguments in their Motion to Dismiss and Objection to Magistrate's Report & Recommendation. In both, the School Administrators contend that their conduct was not directed at Plaintiffs and that Plaintiffs have failed to make those allegations. The Magistrate Judge sufficiently addressed Defendants' contention that their conduct was not directed at Plaintiffs.

The School District objects to the Magistrate's recommendation that Plaintiffs' Count Fifteen, negligent infliction of emotional distress, cannot be ruled out yet on the grounds asserted by Defendants. In their Motion to Dismiss, the School District argued that the alleged negligent acts of the School Administrators caused no contemporaneous physical injury or impact to Plaintiffs, and so the negligent infliction claim should be dismissed for failure to state a claim. The School District objects that the Magistrate focused on a different issue, namely, the causal relationship required between the physical impact or injury and the emotional distress. In his Report, the Magistrate Judge cited a Seventh Circuit case which concluded that "contemporaneous" means "proximately related" to the impact or injury. See *Kapoulas v. Williams Ins. Agency, Inc.*, 11 F.3d 1380, 1384 (7th Cir. 1993). The distinction the School District attempts to make between the issue presented and the allegedly different one addressed by the Magistrate Judge is without merit. Though the Magistrate Judge did address the causal relationship between the emotional distress and physical impact or injury, he also discussed the impact rule at length, citing various Illinois and Seventh Circuit cases, and explained that cases discussing the impact rule are challenging to reconcile. Therefore, the Court concurs with the recommendation that Plaintiffs' negligent infliction of emotional distress claim cannot be confidently ruled out on the grounds argued by the School District. As the Magistrate Judge stated, a more developed factual record and more thorough briefing about the scope of this tort is necessary.[2]

The Court concurs with the recommendation that Plaintiffs' Counts Sixteen and

---

[2] Both the Magistrate Judge and Plaintiffs noted that no case law appears to specifically address the contours of the requisite contemporaneous physical impact or injury.

Seventeen do state claims for negligent hiring, but the School District is immune from these claims under 745 ILCS Section 10/2-201.  The parties do not specifically object to this recommendation.  The Court further concurs with the recommendation that Plaintiffs' negligent supervision claims (Counts Eighteen and Nineteen) should be dismissed to the extent they are based on negligent, rather than willful and wanton misconduct.  Defendants do not specifically object to this recommendation.  Plaintiffs are given leave to replead Counts XVIII and XIX.  The Magistrate Judge recommends that Count Twenty, premises liability, be dismissed for failure to state a claim.  The Court agrees with this recommendation.

Finally, in its Motion to Strike, the School District seeks to strike the punitive damages sought against it in Counts Two, Three, Four, and Nine.  The Court concurs with the Magistrate Judge's recommendation that the punitive damages sought against the School District be dismissed.  Plaintiffs did not seek punitive damages under Title IX, and so that issue merits no further discussion.

Accordingly, the Court now adopts the Report & Recommendation [#35] of the Magistrate Judge in its entirety.  Defendants respective Motions to Dismiss [#15,17, 20, 28] are GRANTED IN PART and DENIED IN PART as follows:

1) Count Three is DISMISSED as duplicative of Count One;

2) Count Two is DISMISSED for failure to state a claim;

3) Defendant Board of Education of the Community Unit School District No. 5, McLean and Woodford Counties is DISMISSED as a party from Count Four, for failure to state a claim;

4) Defendant Board of Education of the Community Unit School District No. 5

McLean and Woodford Counties is DISMISSED as a party from Count Seven for failure to state a claim;

5) Count Nine is DISMISSED for failure to state a claim;

6) Count Eleven is DISMISSED for failure to state a claim;

7) Counts Sixteen and Seventeen are DISMISSED because of 745 ILCS 10/2-201 immunity;

8) Counts Eighteen and Nineteen are DISMISSED on the grounds that negligent supervision claims are barred by 745 ILCS 10/3-108, and because the violation of the School District's policies does not state a negligent supervision claim. Plaintiffs are GRANTED leave to replead Counts Eighteen and Nineteen; and

9) Count Twenty is DISMISSED for failure to state a claim.

Defendants' Motions to Dismiss are DENIED in all other respects. Defendant Board of Education of the Community Unit School District No. 5, McLean and Woodford Counties' Motion to Strike [#14] is GRANTED IN PART and DENIED IN PART. The punitive damages sought by Plaintiffs in Counts Two, Three, Four, and Nine are STRICKEN and DISMISSED. The remainder of Defendant Board of Education's Motion to Strike is denied as MOOT. This matter is referred to the Magistrate Judge for further proceedings.

ENTERED this 11th day of January, 2010.

s/Michael M. Mihm
Michael M. Mihm
United States District Judge