IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| JANE DOE, 20, a minor through her mother and father and next friends, Julie Doe, 20 and John Doe 20; and JANE DOE 21, a minor through her mother and father and next friends Julie Doe 21 and John Doe 21<br><br>Plaintiffs,<br><br>v.<br><br>BOARD OF EDUCATION OF THE COMMUNITY UNIT SCHOOL DISTRICT NO.5, MCLEAN AND WOODFORD COUNTIES, JAMES BRAKSICK, ALAN CHAPMAN, DALE HEIDBREDER, JOHN PYE, EDWARD HEINEMAN, AND JON WHITE,<br><br>Defendants. | No.  09–CV-1158 |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Before the Court is non-party Illinois Department of Children and Family Services' Motion to Quash Subpoena (d/e 63) and Defendants Board of Education of the Community Unit School District No. 5, James Braksick, Alan Chapman, John Pye, and Edward Heineman's Response

(d/e 65). On April 16, 2010, the Court entered a Text Order directing Illinois Department of Children and Family Services (DCFS) to file all materials sought by Defendants pursuant to subpoena with the Court, under seal, for an *in camera* review. On April 27, 2010, DCFS, the movant and non-party herein, filed its Notice of Compliance (d/e 67) and filed a total of 262 pages under seal (d/es 66, 66-1).

Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party. Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence. The rule gives the district courts broad discretion in matters relating to discovery. See Brown-Bey v. United States, 720 F.2d 467, 470-471 (7th Cir.1983); Eggleston v. Chicago Journeymen Plumbers' Local Union 130, 657 F.2d 890, 902 (7th Cir.1981); see also, Indianapolis Colts v. Mayor and City Council of Baltimore, 775 F.2d 177, 183 (7th Cir.1985) (on review, courts of appeal will only reverse a decision of a district court relating to discovery upon a clear showing of an abuse of discretion). ". . . if there is an objection the discovery goes beyond material relevant to the parties' claims or defenses,

the Court would become involved to determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action. The good-cause standard warranting broader discovery is meant to be flexible." Federal Rule of Civil Procedure 26(b)(1) Advisory Committee Notes, 2000 Amendment. The Court is cognizant that DCFS is not a party to the underlying litigation. Information in the hands of a non-party is subject to discovery under the Federal Rules. See Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 45; Seattle Times Co. v. Rhinehart, 467 U.S. 20, 25 (1984).

DCFS, in their Motion (d/e 63) and Memorandum in Support (d/e 64), argue that the Illinois Abused and Neglected Child Reporting Act (ANCRA), 325 ILCS 5/1, *et seq.* prohibits disclosure of the records sought by Defendants. The Court has also reviewed Defendants' Response (d/e 65) concerning the ANCRA issue. The Court agrees with Defendants' analysis and adopts same as its own and orders production of the documents sought.

On April 28, 2010, the Court conducted its *in camera* review of the materials submitted to the Court under seal.

Sealed document (d/e 66) consists of a total of pages 1-131.  Pages 1-76 relate to an Investigation Transition / Handoff Document relating to an investigation of Jon White's minor child.  Defendants in their Response (d/e 65) at footnote 1 state: "Movant *(DCFS)* also indicates that some documents concern White's own child.  See Movant's Brief, page 2.  In prior conversations with DCFS counsel, the undersigned agreed that documents concerning White's own child did not need to be produced."  Based upon that representation by Defendants, sealed document (d/e 66) pages 1-76 are ordered not to be produced to Defendants and the Motion to Quash (d/e 63) is allowed in part.

The balance of (d/e 66), pages 77-131, and (d/e 66-1), pages 1-78, are all one report relating to the Investigation Transition / Handoff Documents of the Thomas Payne Elementary School pertaining to Jon White and sexual abuse of minors.  The Court finds these documents to be relevant and discoverable under the Federal Rules and that good cause exists to order production to Defendants.  The Court directs that DCFS provide to Defendants copies of all pages of the Thomas Payne Elementary School investigation transition.  These documents are ordered to be produced to Defendants subject to a protective order which will be later described herein.   Motion to Quash (d/e 63) is denied in part.

Sealed document (d/e 66-1), pages 79-131 relate to an investigation transition of the McLean County Unit 5 entity. The Court makes the same findings as listed above for the Thomas Payne Elementary School and orders production with the same protection as ordered above. Motion to Quash (d/e 63) is denied in part.

DCFS Motion to Quash Subpoena (d/e 63) is therefore ALLOWED in part and DENIED in part as described above. DCFS is directed to provide the materials to Defendants on or before May 14, 2010. All documents tendered by DCFS to the Defendants in this manner are subject to a protective order entered by the Court *sua sponte* which prohibits the parties herein from using the DCFS materials for any reason but in prosecution or defense of this claim and requiring the redaction of any child's name or parent's name or other identifying information in any court filing.

ENTER:    April 29, 2010

*s/ Byron G. Cudmore*
_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE